Elisha BOWIE, Plaintiff-Appellant,

v.

Raymond PROCUNIER, Director, Texas Department of Corrections, et al., Defendants-Appellees.

No. 86–2633

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1987.

Elisha Bowie, Pro se.

Adrian L. Young, Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

---

Before GEE, RUBIN, and JOLLY, Circuit Judges.

PER CURIAM:

Bowie, a Texas prisoner, brought this tort suit in the form of a civil rights action against the head of the prison system and his unit's warden. His complaint is that a piece of bark put one of his eyes out while he was chopping wood because prison authorities did not provide adequate safety equipment to workers such as he, his demand one for several millions of dollars in actual and punitive damages. The trial court dismissed his action for failure to state a claim. Fed.R.Civ.P. 12(b)(6). We affirm.

Bowie's complaint alleges in essence that he was injured because of negligence on the part of prison officials and that as a result he has been denied due process and equal protection of the laws, as well as subjected to cruel and unusual punishment. It is settled "that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, —— U.S. ——, ——, 106 S.Ct. 662, 663, 88 L.Ed.2d 662, 666 (1986). Nor is the Equal Protection Clause, *Arlington Heights v. Metro Housing Dev. Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (invidious discriminatory *purpose* required for claim of racial discrimination under the Equal Protection Clause), or the Eighth Amendment's prohibition of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("deliberate indifference" to prisoner's serious illness or injury required for breach of Eighth Amendment).

AFFIRMED.