IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40760
Summary Calendar

_____

JAMES WILLIAMS,

                                        Plaintiff-Appellant,

versus

ALLAN B. POLUNSKY; JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; GARY GOMEZ; MICHAEL
WARREN, DR.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-67
--------------------
February 4, 2000

Before KING, Chief Judge, and POLITZ and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Williams, Texas prisoner # 296974, appeals the district court's summary-judgment dismissal of his 42 U.S.C. § 1983 lawsuit against several Texas Department of Criminal Justice officials, alleging that they were deliberately indifferent to his safety by failing to implement a policy to protect him from violent HIV-positive inmates, specifically from Robert Matthews, who assaulted and bit him, infecting him with

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

HIV.  With the exception of the dismissal of Robert Treon, Williams does not brief any argument challenging the district court's dismissal as frivolous of his claims against Matthews, C. Mann, Michael Warren, and Gary Gomez, and the argument is therefore waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Williams has filed a motion for leave to file an out-of-time reply brief, which motion is GRANTED.  He argues for the first time in his reply brief that dismissal of Treon was error, but this court will not consider the argument.  See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

Williams conceded in his verified answers to the magistrate judge's interrogatories that he was not aware that Matthews had any prior history of violent behavior; that he had never been threatened by Matthews or any other HIV-positive inmate before the August 28, 1995, attack; and that he never reported a threat by Matthews or any other inmate and had never requested protection.  His conclusional assertions that Matthews had a prior violent history of which the appellees were aware do not constitute competent summary-judgment evidence and do not satisfy his summary-judgment burden.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  Because there is no record evidence that Matthews had a violent history of which the appellees were aware and which they disregarded, Williams has failed to demonstrate deliberate indifference on their part, and his Eighth-Amendment claim fails.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Woods v. Edwards, 51 F.3d 577, 581 (5th

Cir. 1995); <u>Jacquez v. Procunier</u>, 801 F.2d 789, 792 (5th Cir. 1986).

Although Williams acknowledges that there is a prison policy which provides for the segregation of violent inmates, he contends, for the first time on appeal, that the policy is inadequate because it failed to protect him from Matthews specifically.  This newly raised claims will not be considered. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999), <u>petition</u> <u>for</u> <u>cert.</u> <u>filed</u>, No. 99-884 (Nov. 24, 1999). Alternatively, the claim is essentially one of negligence, which is insufficient to state a claim under § 1983.  <u>See</u> <u>Bowie v. Procunier</u>, 808 F.2d 1142, 1143 (5th Cir. 1987).  Williams also argues, for the first time on appeal, that the district court erred in failing to allow him to conduct discovery, which claim similarly will not be considered.  <u>See</u> <u>Leverette</u>, 183 F.3d at 342.

Williams has failed to demonstrate that the district court erred in granting summary judgment, and the district court's judgment is AFFIRMED.  Williams' motions for leave to file a supplemental brief and for the appointment of counsel are DENIED.

AFFIRMED.  MOTION FOR LEAVE TO FILE OUT-OF-TIME REPLY BRIEF GRANTED; MOTIONS FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF AND FOR THE APPOINTMENT OF COUNSEL DENIED.