IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11110
Summary Calendar
_____


KENNETH L. HARRIS,

                              Plaintiff-Appellant,

                   versus

ANNE ASHBY, Judge, In Her Official Capacity and
Individually; JIM BOWLES, In His Official Capacity and
Individually; H.K. WASOFF, JR., In His Official Capacity and
Individually; JAMES D. BLUME, In His Official Capacity and
Individually; J. MARK HANSEN, In His Official Capacity and
Individually; VIAL HAMILTON KOCH & KNOX, L.L.P.; KENNETH A.
HERRIDGE, In His Official Capacity and Individually; DANA L.
RYAN, In Her Official Capacity and Individually; RICHARD
RAMIREZ, In His Official Capacity and Individually; JACK M.
KUYKENDALL, In His Official Capacity and Individually;
JENNIFER G. JACKSON, In Her Official Capacity and Individually;
LOCKE LIDDELL & SAPP, L.L.P.; BARTON L. RIDLEY, In His Official
Capacity and Individually; TOUCHSTONE BERNAYS JOHNSTON BEALL
& SMITH, L.L.P.; CARY W. SCHULMAN, In His Official Capacity
and Individually; SAMUEL J. POLAK, In His Official Capacity
and Individually; PAYNE & BLANDCHARD, L.L.P.; TEXAS COMMISSION
ON JAIL STANDARDS; BARBARA GEDDIS VAN DUYNE, In Her Official
Capacity and Individually; B.H. MCCORKLE, M.D., In His Official
Capacity and Individually; MID-STATES COMMISSARY, INC.;
DOUGLAS D. HALOFTIS, In His Official Capacity and Individually;
KELLI E. WELCH, In His Official Capacity and Individually;
GARDERE & WYNNE; UNAUTHORIZED PRACTICE OF LAW COMMITTEE,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1409-M
--------------------

July 8, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth L. Harris appeals the district court's pretrial dismissal of his lawsuit alleging civil rights claims and claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). For the following reasons, we AFFIRM the district court's judgment.

Harris has failed to brief any challenge to the district court's dismissal of his claims for declaratory and injunctive relief, his RICO claims, his civil rights claims under 42 U.S.C. §§ 1981 and 1985(2) & (3), his claims against Texas Commission on Jail Standards, his civil rights claims under 42 U.S.C. § 1983 against Sheriff Jim Bowles and Dr. B.H. McCorkle in their official capacities, his 42 U.S.C. § 1983 claims against Sheriff Bowles and Dr. McCorkle individually based on involuntary servitude and unsanitary jail conditions, his 42 U.S.C. § 1983 claims against Sheriff Bowles individually for denial of medical care, and his 42 U.S.C. § 1983 claims against Dr. McCorkle individually for exposure to environmental tobacco smoke and denial of good-time credit. Harris has therefore abandoned these claims on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harris has failed to adequately brief his 42 U.S.C. § 1983 conspiracy claims against Mid-States Commissary, Inc. and the 16 private attorneys and law firms. Harris has not identified any actual agreement between those private defendants and the public defendants to commit an illegal act, explained how those defendants' actions constitutionally injured him, or cited any legal authority supporting his claims against those defendants. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994) (holding that a conspiracy claim under 42 U.S.C. § 1983 requires an agreement between private and public defendants to commit an illegal act and an actual deprivation of constitutional rights). Harris has therefore abandoned his challenge to the dismissal of those claims. See Yohey, 985 F.2d at 224-25.

The district court did not err in dismissing Harris' 42 U.S.C. § 1983 claim against Judge Anne Ashby on the basis of judicial immunity. Because Harris has failed to show that Judge Ashby's challenged acts were non-judicial in nature and were taken in the complete absence of all jurisdiction, Judge Ashby is entitled to absolute judicial immunity. See Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993); Stump v. Sparkman, 435 U.S. 349, 359-60, 362 (1978) (holding that since judge's court was one of general jurisdiction, neither his procedural errors nor the fact that his judicial act was not specifically authorized by statute deprived him of judicial immunity).

The district court also did not err in dismissing Harris' 42 U.S.C. § 1983 claim against the Unauthorized Practice of Law Committee ("UPLC") and the UPLC attorneys on immunity grounds. The Eleventh Amendment divests federal courts of jurisdiction to entertain official-capacity suits against the UPLC, which is a state agency, and the UPLC attorneys, who are state employees. See Green v. State Bar of Texas, 27 F.3d 1083, 1087-88 (5th Cir. 1994). Furthermore, the UPLC attorneys are entitled to absolute prosecutorial immunity with respect to Harris' claims against them individually for actions taken in their capacities as prosecutors for the UPLC. Id. at 1088.

Harris challenges the magistrate judge's grant of Sheriff Bowles' and Dr. McCorkle's motion for a protective order staying discovery. Because Harris did not appeal the magistrate judge's ruling to the district court, this court lacks jurisdiction to review it. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

The district court did not err in granting summary judgment on Harris' 42 U.S.C. § 1983 claim against Dr. McCorkle individually for denial of medical care. Harris has failed to assert that Dr. McCorkle's alleged delay in providing medical treatment for his high blood pressure caused him substantial harm, which is necessary to establish a constitutional violation. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). With respect to his claim that Dr. McCorkle denied him medical care for his conditions caused by

environmental tobacco smoke, Harris has provided only conclusional allegations; Harris has failed to explain how Dr. McCorkle denied him medical care for the conditions or even to identify the conditions themselves. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (holding that "[m]ere conclus[ional] allegations on a critical issue are insufficient to raise a constitutional issue"). Finally, Harris has not shown that Dr. McCorkle was liable for any violations of law by nurses at the jail, as vicarious liability is not applicable in this context and Harris has not asserted that Dr. McCorkle failed to train or supervise the nurses. See Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999); Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).

The district court did not err in granting summary judgment on Harris' 42 U.S.C. § 1983 claim against Sheriff Bowles individually for involuntary exposure to environmental tobacco smoke. Harris has not asserted facts establishing that he was exposed to unreasonably high levels of environmental tobacco smoke, as is necessary to allege a constitutional violation. See Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001). Harris has not identified either the level of smoke to which he was exposed or, as noted above, the medical conditions he allegedly suffered as a result of the exposure. Harris' merely conclusional allegations that he was harmed by exposure to environmental tobacco smoke are insufficient to allege a constitutional violation. See Koch, 907 F.2d at 530.

The district court did not err in granting summary judgment on Harris' 42 U.S.C. § 1983 claim against Sheriff Bowles individually for denial of good-time credit. Harris argues that he was denied the benefit of the good-time credit rule applicable to criminal sentences because his contempt case was improperly classified as civil.

Even assuming that Harris' contempt case was in fact criminal, Harris has failed to establish that Sheriff Bowles intentionally misclassified his criminal contempt case in order to adversely affect Harris as a member of the group of prisoners serving criminal contempt sentences. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (holding that a discriminatory purpose to adversely affect an identifiable group is necessary to establish an equal protection violation). Harris in part asserts that Sheriff Bowles should have known or could have determined that Harris' case was criminal, thus suggesting that Sheriff Bowles' actions were merely negligent. See Bowie v. Procunier, 808 F.2d 1142, 1143 (5th Cir. 1987) (holding that the Equal Protection Clause is not implicated by negligence). To the extent that Harris charges purposeful misclassification, his allegations are conclusional and thus insufficient to establish a constitutional violation. See Koch, 907 F.2d at 530.

Finally, since all of Harris' federal claims were properly dismissed, the district court did not abuse its discretion in

dismissing Harris' pendant state law claims. See Rhyne v. Henderson County, 973 F.2d 386, 395 (5th Cir. 1992).

AFFIRMED.