IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40319
Summary Calendar
_____

BILLY WAYNE MOORE,

Plaintiff-Appellant,

versus

TIMOTHY CAMPBELL, Laundry Officer; LINCOLN CLARK, Laundry Captain; JIMMY
ALFORD, Warden; GARY JOHNSON, Executive Director, Texas Department of Criminal
Justice, Institutional Division; WAYNE SCOTT, Director, Texas Department of Criminal Justice,
Institutional Division,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CV-225
_____

August 14, 2002

Before REYNALDO G. GARZA, JONES, and EMILIO GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Billy Wayne Moore, an inmate of the Texas Department of Criminal Justice, appeals the

magistrate judge's order and judgment dismissing his civil rights claim as frivolous. A frivolous in

forma pauperis complaint may be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I) when there

is no arguable basis in law or in fact. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

_____

[1] Pursuant to 5th Cir. R. 47.5., the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

Moore alleges that his Eighth Amendment right against cruel and unusual punishment was violated by Defendant Timothy Campbell, a prison laundry officer, when Campbell required him to continue working with a clothing press Campbell knew to be faulty. Moore was injured when the press closed on his hand, and he asserts that Defendant Lincoln Clark, the laundry captain, knew the press was faulty but failed to repair or retire it.

A "prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In prison-conditions cases, a sufficiently culpable state of mind is one of deliberate indifference. *See id*. Deliberate indifference is found when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

While the facts alleged by Moore, if true, arguably demonstrate that Clark and Campbell were negligent, they are insufficient to demonstrate that they acted with deliberate indifference. *See Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987)(noting that it is well settled that neither the Due Process Clause, Equal Protection Clause, nor the Eighth Amendment prohibition on cruel and unusual punishment are implicated by an official's negligent action). Moore's Eighth Amendment claim thus does not have an arguable basis in law, and the magistrate judge did not abuse her discretion by dismissing the claims against Campbell and Clark.

Moore also sued Defendants Jimmy Alford, Warden, and Gary Johnson and Wayne Scott, Executive Director and Director of the Texas Department of Criminal Justice, Institutional

2

Division, in their supervisory capacity.  Moore, however, alleges neither personal involvement nor a causal connection between their conduct the alleged constitutional deprivation.  *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)(requiring either a causal connection or personal involvement for a supervisor to be held liable).  There was no abuse of discretion on the part of the magistrate judge in dismissing these claims.

While Moore contends he should have been given the opportunity to amend his complaint, there is no reason to believe Moore could state a valid civil rights claim if given such an opportunity.

AFFIRMED.