**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-11114
Conference Calendar

---

JOHN ALDEN BEASLEY,

                                        Plaintiff-Appellant,

versus

ARTHUR Y. ANDERSON, Warden
of Preston E. Smith Unit;
JOHN C. WOMBLE, Dr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-252-BG
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    John Alden Beasley, Texas prisoner # 775132, asserts that

the magistrate judge erred in dismissing his *in forma pauperis* 42

U.S.C. § 1983 complaint as frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i).  He maintains that Arthur Anderson showed

deliberate indifference in failing to correct a slippery shower

floor before Beasley fell.  Beasley's claim regarding a slip and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

fall sounds in negligence, which is insufficient to allege a constitutional violation.  See Threlkeld v. Total Petroleum, Inc., 211 F.3d 887, 891-92 (5th Cir. 2000); Bowie v. Procunier, 808 F.2d 1142, 1143 (5th Cir. 1987).

Beasley also contends that the magistrate judge erred in dismissing his claims against John Womble for failing to order X-rays of his back within 72 hours of his fall.  Beasley has not established that the delay in obtaining an X-ray was caused by deliberate indifference or that it resulted in substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992).

Beasley maintains that the magistrate judge should have conducted a Spears hearing before dismissing his lawsuit. Because the magistrate judge requested that Beasley complete a questionnaire, Beasley had sufficient opportunity to detail his claims.  See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Beasley also contends that he should have been allowed to conduct discovery because he might have found additional evidence to substantiate his claims.  He has not shown that the magistrate judge abused her discretion in denying discovery.  See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

Beasley has not established that the magistrate judge abused her discretion in dismissing his complaint as frivolous. Consequently, the judgment is AFFIRMED.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).