United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**February 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-11030
Conference Calendar

———————————

LARRY GENE STRHAN,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director; STUART D. WILLIAMS, Manager of
Clements Unit Shoe Factory; JOHN BAINES, RN, Director of
Nurses,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-54
--------------------

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Larry Gene Strhan, Texas state prisoner number 628985, has appealed the district court's judgment dismissing his civil rights complaint as frivolous. Strhan contends that Stuart D. Williams, a Shoe Factory Manager at the Clements Unit of the Texas Department of Criminal Justice, Institutional Division, refused to provide him with safety devices or protective gear to protect him from exposure to polyvinyl chloride ("PVC"). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record reflects that conditions in the shoe factory were consistent with those found in private industry and did not violate the Eighth Amendment.  See Jackson v. Cain, 864 F.2d 1235, 1245 (5th Cir. 1989); see Sampson v. King, 693 F.2d 566, 569 (5th Cir. 1982).  Strhan cannot show that Williams knowingly exposed him to conditions creating a substantial risk of serious harm.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Bowie v. Procunier, 808 F.2d 1142, 1143 (5th Cir. 1987).  Strhan contends also that John Baines, Director of Nurses at the Clements Unit Infirmary, had refused to provide treatment for nerve damage which he contends was caused by exposure to PVC.  Strhan has not shown that Baines acted with deliberate indifference to his serious medical needs.  See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

Because the appeal is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  We caution Strhan that the dismissal of this appeal as frivolous and the dismissal of the complaint as frivolous by the district court both count as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED.