IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40418
Summary Calendar

LEONARD CLERKLEY

Plaintiff-Appellant

v.

UNKNOWN ROBERTS; CAPTAIN UNIDENTIFIED BRATTON; NURSE
UNKNOWN MCGUIRE; UNKNOWN ROUESHARD; PA UNKNOWN FINK

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-356

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leonard Clerkley, Texas prisoner # 595191, filed a 42 U.S.C. § 1983 complaint against Defendants alleging a violation of his Eighth Amendment rights. A magistrate judge conducted an evidentiary hearing and found the complaint to be frivolous. We affirm.

Clerkley alleged that while he was working in the prison barbershop, a prison official named Roberts brought a broken "ultraviolet light box" used to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sterilize barber utensils into the barbershop, left it there between one and three days without a safety lid, and exposed Clerkley to harmful ultraviolet rays. Clerkley asserts that this exposure resulted in eye injury. Clerkley states that Roberts left the box despite the fact that those working in the barbershop, including Clerkley, told Roberts that the box was in no condition to be used because it did not have a safety lid to contain the ultraviolet rays.[1] Clerkley alleges that as a result of the exposure his eyes were swollen for at least a week. He testified that he continues to have headaches and must use eye drops as a result of the exposure.

Clerkley also alleges that he received inadequate medical care for the injuries he sustained as a result of the exposure. Although he was taken to the infirmary the day after the exposure, and continued to receive medical attention for his eye complaints, Clerkley claims that the medical personnel did not know what they were doing and gave him conflicting stories of what caused his eye trouble. For example, the first nurse that treated Clerkley told him that he had a flash burn, but later stated that he did not know what was causing Clerkley's symptoms. Later when Clerkley saw Defendant Fink, a physician's assistant, Fink said that it was a virus, but did not give any medication and, according to Clerkley, told him that by the time medication for the virus arrived the condition would be resolved. Clerkley's final claim is against Defendant Bratton – alleging that Bratton violated prison policy by failing to prepare an incident report when Clerkley told him how the eye injury occurred.

After filing his Section 1983 complaint, Clerkley agreed to proceed before a magistrate judge. An evidentiary hearing, "in the nature of a motion for more definite statement," was conducted to focus the legal and factual bases of the claim. See Spears v. McCotter, 766 F.2d 179, 181-82 (5th Cir. 1985), overruled on other grounds by Neitzke v. Williams, 490 U.S. 319, 324 (1989). The result

---

[1] A statement in Clerkley's medical records indicates that other inmates exposed to the ultraviolet light also complained of eye problems.

was that the magistrate dismissed Clerkley's complaint both as frivolous and as failing to state a claim. 42 U.S.C. § 1915A. A claim is frivolous if it lacks "an arguable basis in law or fact." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). We review such a dismissal de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

On appeal, the dismissal of the claims against each Defendant is challenged except for those against Bratton. The claims against Bratton, therefore, are deemed abandoned. See Brinkmann v. Dallas County Dep. Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Simple negligence by a prison official that causes injury to an inmate is not an Eighth Amendment violation. Davidson v. Cannon, 474 U.S. 344, 347 (1986). Absent intentional conduct, an Eighth Amendment claim requires that a prison official have acted with deliberate indifference to the needs of the inmate, exposing the inmate to a substantial risk of serious harm. Gobert v. Caldwell, 463 F.3d 339, 345 (5th Cir. 2006). Deliberate indifference occurs when the prison official (1) is aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; and (2) actually draws an inference that such potential for harm exists. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). Whether the official has the required subjective knowledge that a substantial risk exists "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . ." Hare v. City of Corinth, 74 F.3d 633, 654 (5th Cir. 1996).

Therefore, Clerkley must have made a plausible allegation that Roberts knew of and disregarded an excessive risk that Clerkley would be exposed to serious bodily injury as a result of exposure to the ultraviolet light emanating from the broken piece of equipment. Lawson v. Dallas County, 239 F.3d 257, 262 (5th Cir. 2002). When evaluating the dismissal, we assume all of Clerkley's allegations are true. Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007).

We also incorporate the testimony given at the Spears hearing into the pleadings. Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996).

We accept as true that Defendant Roberts, who required that the ultraviolet box be used in the barbershop, was aware that the device was not in proper working condition.[2] There also was evidence that more than one inmate informed her that the box had been stored away because it lacked a lid to contain the ultraviolet rays and, in their opinion, it was not in a condition to be used. She left the box in the barbershop for one to three days despite their concerns. At his Spears hearing, Clerkley equated being in the room when the box was operating to being in a tanning bed without eye protection. Our decision is whether those allegations are sufficient to support factual inferences that Roberts was more than merely negligent.

We have little doubt that the Spears hearing uncovered sufficient evidence that Roberts was aware that the device was not properly functioning, even if at a trial that allegation might be disproven. Whether she was aware in a general sense that ultraviolet light being emitted in that way might cause serious bodily injury, and whether she drew that conclusion and then deliberately chose to ignore the risk, are the real questions. The evidence that some of the inmates warned Roberts of their perception of danger does not establish the danger. It does show that Roberts was aware of the perception. We still must find that Roberts was aware of facts – not just the inmates' concerns – from which an inference of a sufficient risk to a prisoner's health could arise, and that she actually drew that inference but was deliberately indifferent to it.

A recent decision from this court reiterated the level of risk and of harm that must be shown. We stated that there must be evidence in an Eighth Amendment claim such as this of "substantial risk of serious harm." Hernandez v. Velasquez, No. 06-40426, 2008 WL 820999 (5th Cir. Mar. 28, 2008). That

---

[2] There was no testimony from Defendant Roberts at Clerkley's Spears hearing and no affidavit or other evidence from Roberts in the record.

significant level of risk and of harm that is required explains the outcome in one of this court's precedents relied upon by the magistrate judge. We determined that prison officials had not committed an Eighth Amendment violation when they failed to provide an inmate adequate protection when he was ordered to chop wood and a piece of bark injured an eye. Bowie v. Procunier, 808 F.2d 1142, 1143 (5th Cir. 1987). At most, the claim supported that officials had been negligent.

There can be a difference of perception of which eye injury is more likely or serious – being hit by chips while chopping wood or being injured by these ultraviolet rays. For example, wood chips may not hit the inmate's eyes, but the ultraviolet light presumably will be seen to some extent by whoever is in the room. Yet the distinction is one of degree. As in Bowie at the chopping block, eye injury was a risk in this barbershop. By not looking directly into the light and taking other precautions, inmates' exposure might be minimal. Roberts's placement of this device in the barbershop did not create a meaningfully distinct risk of eye injury than did the wood chopping in Bowie. Roberts's actions were at most negligent. The allegations no more support deliberate indifference to a substantial risk of serious harm than did the insufficient allegations in Bowie. The district court did not err in holding that Clerkley's complaint on its face does not state a plausible Eighth Amendment claim as to Roberts.

Clerkley also alleged incompetent medical treatment after the accident. This is not the type of harm cognizable as a violation under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged

in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted). Clerkley does not allege this type of harm. Clerkley's allegations are that he disagreed with the treatment he received and that the staff was negligent in its diagnosis or treatment. This does not give rise to a cause of action under Section 1983, and those claims were properly dismissed. Therefore, we affirm the dismissal of the claims against Defendants McGuire, Roueshard, and Fink.

For these reasons the decision of the district court is AFFIRMED.