# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10589
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

GARRY ROSE,

Plaintiff-Appellant

v.

WILLIAM A. SHERMAN, FSM IV; BRADLEY D. BURGE, Correctional
Officer V; KEITH G. GENTRY, Assistant Warden; BEN L. MITCHELL, FSM
II; TINA KOVAR,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-239

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Garry Rose, Texas prisoner # 1635481, appeals the judgment of the
district court dismissing his 42 U.S.C. § 1983 action under Federal Rule of Civil
Procedure 12(c). On appeal, Rose pursues only his claim that two of the
defendants—William Sherman and Bradley Burge—violated his Eighth
Amendment rights by being deliberately indifferent to his safety and were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

therefore not entitled to qualified immunity.  Rose has not briefed or otherwise challenged the district court's grounds for dismissing the remaining defendants; accordingly, he has abandoned those claims.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

"We review a district court's ruling on a Rule 12(c) motion for judgment on the pleadings *de novo*," under the same standard as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (italics omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "To establish a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted).  Where, as here, qualified immunity is raised as a defense, there is no liability for actions that do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (internal quotation marks and citation omitted).

Rose has not demonstrated that Sherman and Burge violated his Eighth Amendment rights by being deliberately indifferent to his safety.  Rose injured his fingers with a band saw in March 2011.  Sherman and Burge were both aware of the problems with the band saw in late January 2011.  Rose informed Sherman at that time that the band saw was missing a piece of its guard blade; Sherman told Burge to fix the band saw several days later; and Burge rigged a repair with a screw and a washer.  Authenticated prison records demonstrate that a work order requesting repair was submitted on January 25, 2011, and

that the band saw's blade was aligned and knob was tightened on February 23, 2011. There is nothing in the record to reflect that Sherman and Burge were aware of any further problems with the band saw after it was repaired in February 2011. Rose does not allege that he told Sherman or Burge of a problem at any other point before he was injured on March 31, 2011, nor does he allege that any other inmate informed the prison staff of a problem with the band saw.

While Rose questions the veracity of the records pertaining to the work order and repair, there is no evidence in the record to support this allegation. And while Rose also contends that Sherman and Burge were deliberately indifferent because they were required to regularly inspect the machines pursuant to prison policy, this is negligence at best and insufficient to demonstrate deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987) (negligent failure to provide protective goggles to inmate chopping wood was insufficient to demonstrate deliberate indifference). Because Rose did not demonstrate a constitutional violation, Sherman and Burge were entitled to qualified immunity. *See Pratt*, 822 F.3d at 180-81.

AFFIRMED. Rose's motion for leave to amend the complaint is DENIED AS MOOT.